Objection Deadline: December 29, 2005 @ 5:00 p.m.
Hearing Date: January 5, 2006 @ 2:30 p.m.

SCHREEDER, WHEELER & FLINT, LLP
Dean Booth (DB-3807), Georgia Bar No. 067900
John A. Christy (JC-6826), Georgia Bar No. 125518
Jason W. Graham (JG-0336), Georgia Bar No. 304595
127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

Attorneys for DP3, Inc. d\b\a
Delta Pilots' Pension Preservation Organization

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re:                                    )   Chapter 11
                                          )
DELTA AIR LINES, INC., *et al.*,          )   Case No. 05-17923-pcb
                                          )
              Debtors.                    )   Jointly Administered
----------------------------------------------------------x

## NOTICE OF MOTION TO COMPEL AND FOR SANCTIONS

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the Motion to Compel and far Sanctions against Delta Air Lines, Inc. ("Motion") shall be held before the Honorable Prudence Carter Beatty, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004 on January 5, 2006 at 2:30 p.m., or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjoined or continued from time to time without further notice other than by announcement thereof in

Court. The relief requested in the Motion may be granted without a hearing if no objection is timely filed and served in accordance with this notice.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion must be filed with the Clerk of the Bankruptcy Court, with a copy served upon Schreeder, Wheeler & Flint, LLP, attn: John Christy, 127 Peachtree Street, N.E., Suite 1600, Atlanta, Georgia 30303-1845, with a copy served on counsel for the Debtors and a courtesy copy delivered to Chambers of the Honorable Prudence Carter Beatty, such that all objections are filed and received no later than December 29, 2005 at 5:00 p.m.

Dated: December ___, 2005

SCHREEDER, WHEELER & FLINT, LLP

By: /s/ John Christy
    Dean Booth (DB-3807)
    Georgia Bar No. 067900
    John A. Christy (JC-6826)
    Georgia Bar No. 125518
    Jason W. Graham (JG-0336)
    Georgia Bar No. 304595

127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

Attorneys for DP3, Inc. d\b\a Delta Pilots' Pension Preservation Organization

SCHREEDER, WHEELER & FLINT, LLP
Dean Booth (DB-3807), Georgia Bar No. 067900
John A. Christy (JC-6826), Georgia Bar No. 125518
Jason W. Graham (JG-0336), Georgia Bar No. 304595
127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

Attorneys for DP3, Inc. d\b\a
Delta Pilots' Pension Preservation Organization

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELTA AIR LINES, INC., *et al.*, | Case No. 05-17923-pcb |
| Debtors. | Jointly Administered |

-------------------------------------------------------------x

## MOTION TO COMPEL AND FOR SANCTION

COMES NOW DP3, Inc. d/b/a/ Delta Pilots' Pension Preservation Organization, and pursuant to Local Rule 7034-1, Bankr. R. 7037 and Fed. R. Civ. P. 37 moves the Court for the entry of an order compelling Debtors to serve a written response to the First Request for Production of Documents to Debtors ("Document Request"), to produce all the documents identified in the Document Request and to produce a representative or representatives for deposition pursuant to the Notice of Deposition for Debtor Delta Air Lines, Inc. DP3, Inc. further requests that the Court award it attorney's fees incurred in bringing this motion as a result of the Debtors' complete failure to respond to the

Document Request or appear at the deposition. In support of its motion, DP3, Inc. shows the Court as follows:

1. On September 14, 2005, Delta Air Lines, Inc. and related companies ("Delta") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court. No trustee has been appointed and Debtors are operating their business as debtors-in-possession.

2. DP3, Inc. is an organization representing the Delta retired pilots who are creditors of the Debtors holding claims in excess of $500,000,000.

3. On September 15, 2005, the retired pilots filed an Emergency Motion to Appoint an Official Committee of Retired Pilots seeking the appointment of a committee pursuant to 11 U.S.C. §§ 1113 and 1114 ("Committee Motion"). On October 16, 2005, James H. Gray, James Haigh, Reuben Black, William Wirth, James Bomar, Ronald Stowe, Evan Gost, Richard Colby, and Donald Mairose, all retired Delta pilots receiving pension benefits and other retiree benefits, filed a joinder of the Committee Motion.

4. Since filing for protection under title 11, the Debtors ceased payments of the non-qualified pension benefits to the retired pilots and payments to its defined pension plans and filed a motion to reject its collective bargaining agreement with its line pilots, the Pilot Working Agreement. All of those actions directly impact the retired pilots whose rights derive from the Pilot Working Agreement.

5. This Court has already acknowledged that the retirement and pension benefits are important to this case and the Debtors' reorganization. See e.g. Transcript October 6, 2005 at 62-63. The pension and retirement benefits relate to the Committee

Motion, the filing of proofs of claim for terminated benefits and the Debtors' ability to successfully reorganize.

6. On October 18, 2005, the retired pilots served the Debtors with the First Request for Production of Documents to Debtors seeking documents related to the pension and retirement benefit plans and Committee Motion. A copy of the Document Request is attached hereto as <u>Exhibit "A"</u>. The Debtors' response to the Document Request was due on or before November 20, 2005.

7. On October 18, 2005, DP3, Inc. also noticed the deposition of Debtor Delta Air Lines, Inc. pursuant to Bankr. R. 7030 and Fed. R. Civ. P. 30(b)(6) for October 24, 2005. A copy of the Notice of Deposition is attached hereto as <u>Exhibit "B"</u>.

8. To date, the Debtors have failed to respond to the Document Request. Pursuant to Fed. R. Civ. P. 34, made applicable by Bankr. R. 7034:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

9. Debtors' counsel sent a letter after receiving the Document Request advising that the Debtors objected to the Document Request and stating that "Delta will not respond to DP3's document request". A copy of the letter is attached hereto as <u>Exhibit "C"</u>. Delta failed to respond to the Document Request, but produced some documents to the retired pilots on October 24, 2005. The documents produced failed to

include all the requested documents, specifically documents identifying the retired pilots and their survivors, documents related to the pension and retirement benefit plans, and documents related to the retirement benefit trusts. The Debtors' letter is not a sufficient response and does not comport with Fed. R. Civ. P. 34 or Bankr. R. 7034.

10. The Debtors waived any objections to the Document Request as a result of their failure to timely respond. <u>Bowne of New York City, Inc. v. Ambase Corp.</u>, 150 F.R.D. 465, 489-90 (S.D.N.Y. 1993); <u>Land Ocean Logistics, Inc. v. Aqua Gulf Corp.</u>, 181 F.R.D. 229, 236 (W.D.N.Y. 1998). Accordingly, the Court should enter an order compelling the Debtors to produce all the requested documents.

11. On October 24, 2005, Delta Air Lines, Inc. failed to appear at the deposition pursuant to the Notice of Deposition and further failed to move for the entry of a protective order. In the October 21, 2005 letter, Delta's counsel stated that it "will not supply a deponent for oral examination on October 24, 2005." See <u>Exhibit "C"</u>.

12. Delta is not permitted to ignore the deposition notice without seeking the entry of a protective order pursuant to Fed. R. Civ. P. 26 and Bankr. R. 7026. "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Fed. R. Civ. P. 37. Delta's complete failure to attend the deposition or move for a protective order warrants the imposition of sanctions pursuant to Fed. R. Civ. P. 37. <u>Woodstock Ventures LC v. Perry</u>, 164 F.R.D. 321, 322-323 (N.D.N.Y. 1996).

13. The retired pilots request that the Court enter an order compelling the Debtors to respond to the document requests, to produce all the requested documents and

to designate a representative to appear for deposition pursuant to the Notice of Deposition.

14. The retired pilots further request that the Court award them their attorney's fees incurred in bringing this motion to compel for the Debtors' failure to respond to discovery.

WHEREFORE, DP3, Inc. d/b/a/ Delta Pilots' Pension Preservation Organization, requests that the Court enter an order compelling the Debtors to serve a written response to the First Request for Production of Documents to Debtors, to produce all the documents identified in the Document Request and to produce a representative or representatives for deposition pursuant to the Notice of Deposition for Debtor Delta Air Lines, Inc. DP3, Inc. further requests that the Court award it attorney's fees incurred in bringing this motion as a result of the Debtors' complete failure to respond to the document requests and to appear for deposition.

Dated: December 7, 2005

SCHREEDER, WHEELER & FLINT, LLP

By: /s/ John A. Christy
    Dean Booth (DB-3807)
    Georgia Bar No. 067900
    John A. Christy (JC-6826)
    Georgia Bar No. 125518
    Jason W. Graham (JG-0336)
    Georgia Bar No. 304595

127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

Attorneys for DP3, Inc. d\b\a Delta
Pilots' Pension Preservation
Organization

Objection Deadline: December 29, 2005 @ 5:00 p.m.
Hearing Date: January 5, 2006 @ 2:30 p.m.

SCHREEDER, WHEELER & FLINT, LLP
Dean Booth (DB-3807), Georgia Bar No. 067900
John A. Christy (JC-6826), Georgia Bar No. 125518
Jason W. Graham (JG-0336), Georgia Bar No. 304595
127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

Attorneys for DP3, Inc. d\b\a
Delta Pilots' Pension Preservation Organization

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                )    Chapter 11
                                      )
DELTA AIR LINES, INC., *et al.*,      )    Case No. 05-17923-pcb
                                      )
                Debtors.              )    Jointly Administered
-------------------------------------------------------------x

### CERTIFICATE PURSUANT TO FED. R. CIV. P. 37, BANKR. R. 7037 AND LOCAL RULE 7007-1

COMES NOW DP3, Inc. d/b/a/ Delta Pilots' Pension Preservation Organization, and pursuant to Local Rule 7007-1, Bankr. R. 7037 and Fed. R. Civ. P. 37 certifies that it has through its counsel conferred in good faith with counsel for the Debtors in an effort to resolve the discovery dispute regarding the First Request for Production of Documents to Debtors and Notice of Deposition for Delta Air Lines, Inc. prior to filing the Motion to Compel and for Sanctions. DP3, Inc. further states that it contacted the Court regarding

scheduling an informal conference pursuant to Local Rule 7007-1, but was advised that

the Court waived this requirement.

Dated: December 7th, 2005

                                        SCHREEDER, WHEELER & FLINT, LLP

                                        By:   /s/ John Christy
                                                Dean Booth (DB-3807)
                                                Georgia Bar No. 067900
                                                John A. Christy (JC-6826)
                                                Georgia Bar No. 125518
                                                Jason W. Graham (JG-0336)
                                                Georgia Bar No. 304595

                                          127 Peachtree Street, N.E.
                                          1600 Candler Building
                                          Atlanta, Georgia 30303-1845
                                          Telephone: (404) 681-3450
                                          Facsimile: (404) 681-1046

                                          Attorneys for Attorneys for DP3, Inc.
                                          d\b\a Delta Pilots' Pension Preservation
                                          Organization

CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the Motion to Compel and for Sanctions and Certificate Pursuant to Fed. R. Civ. P. 37 and Bankr R. 7037 was served via first class U. S. mail upon the following:

| | | |
|---|---|---|
| Honorable Prudence Carter Beatty<br>U.S. Bankruptcy Court<br>Southern District of New York<br>Alexander Hamilton Custom House<br>One Bowling Green<br>New York, NY 10004-1408 | Davis Polk & Wardell<br>Attn: Marshall S. Huebner, Esq.<br>450 Lexington Avenue<br>New York, NY 10017 | Stroock & Stroock & Lavan, LLP<br>Attn: Lawrence M. Handelsman, Esq.<br>180 Maiden Lane<br>New York, NY 10038 |
| Debevoise & Plimpton, LLP<br>Attn: Richard F. Hahn, Esq.<br>919 Third Avenue<br>New York, NY 10022 | Office of The United States Trustee<br>Southern District of New York<br>Attn: Greg Zipes, Esq.<br>33 Whitehall Street<br>Suite 2100<br>New York, NY 10004 | Akin Gump Strauss et al<br>Attn: Daniel H. Golden, Esq.<br>490 Madison Avenue<br>New York, NY 10022 |
| Guiliani Capital Advisors<br>Attn: David S. Miller<br>Five Concourse Parkway<br>Suite 2750<br>Atlanta, GA 30328 | Bankruptcy Services LLC<br>Attn: Robert Saraceni<br>757 Third Avenue<br>New York, NY 10017 | Securities and Exchange Commission<br>Attn: Michael A. Berman<br>100 F Street, NE<br>Washington, DC 20549 |
| Securities and Exchange Commission<br>Attn: Nathan Fuchs<br>3 World Financial Center<br>New York, NY 10281 | Internal Revenue Service<br>Attn: Sid Brown<br>290 Broadway<br>New York, NY 10008 | |

I hereby further certify that the foregoing is a complete list of the Non-ECF Participants on www.deltadocket.com as of 5:00 p.m. on December 7, 2005.

This 7 day of December, 2005.

/s/ John A. Christy
John Christy

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

K:\4952\1\Bankruptcy Pleadings\Motion to compel and for sanctions.doc