DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6539
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)

Attorneys for Debtors and
  Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

**In re:**                    :

                    :  **Chapter 11 Case No.**

**DELTA AIR LINES, INC., et al.,**  :  **05-17923 (PCB)**

                    :  **(Jointly Administered)**

**Debtors.**                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' MOTION FOR AN ORDER EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS

Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[1] respectfully represent:

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

**Background and Jurisdiction**

1. On September 14, 2005 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this motion (the "**Motion**"), the Debtors respectfully request the entry of an order pursuant to Bankruptcy Rule 9006(b) extending the time period during which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. The Debtors propose that the time period during which they may file notices of removal with respect to any civil actions pending as of the Petition Date and covered by 28 U.S.C. § 1452 be extended through and including the later to occur of (a) June 12, 2006 (181-day extension) or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed. This Motion is without prejudice to the Debtors' right to seek further extensions of the removal deadline.

**Basis for Relief Requested**

4. 28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

5. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods such as the time within which Debtors may remove actions:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

6. It is well-settled that this Court has the authority to extend the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (bankruptcy court's authority to enlarge time frame for removal under Bankruptcy Rule 9006(b) is "clear"), *overruled on*

*other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (time limit for removal of civil actions may be extended pursuant to Bankruptcy Rule 9006(b)); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (bankruptcy judges have the power to enlarge the time period for filing notices of removal under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

## Cause Exists to Grant the Requested Extension

7. As of the Petition Date, one or more of the Debtors were party to numerous judicial and administrative proceedings covered by 28 U.S.C. § 1452 (collectively, the "**Prepetition Actions**") involving a diverse assortment of claims. Given the number of Prepetition Actions and the variety of claims, as well as the enormous amount of time and effort the Debtors have had to devote since the Petition Date to resolving other significant aspects of these chapter 11 cases, the Debtors have not been able to analyze and make a determination regarding the removal of each Prepetition Action. Consequently, the Debtors believe that it is advisable to seek an extension to allow the Debtors the opportunity to carefully consider the possible removal of each Prepetition Action and to ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.

8. As the Court well knows, these chapter 11 cases are exceedingly large and complex. Since the Petition Date, numerous significant business and legal issues have arisen that have required and will continue to require a great deal of time on the part of the Debtors' employees and professionals. For example, the Debtors and their

professionals have devoted much time and effort to, *inter alia*: (i) stabilizing the Debtors' business operations in order to maximize the value of the Debtors' estates; (ii) continuing Bankruptcy Code section 1113 negotiations and taking part in related proceedings before this Court; (iii) analyzing a significant number of nonresidential real property leases in order to determine whether to assume or reject them; (iv) evaluating various aircraft financing arrangements in light of Bankruptcy Code section 1110; and (v) compiling information from books, records and documents relating to thousands of claims, assets and contracts in order to prepare their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs.

9. The Debtors submit that the relief requested herein is in the best interests of their estates, their creditors and all parties-in-interest. The extension sought will permit the Debtors to make a full assessment of the possible removal of Prepetition Actions and thereby maximize the potential recovery for their creditors while protecting the Debtors' rights under 28 U.S.C. § 1452. Furthermore, the Debtors' adversaries will not be prejudiced by such an extension because such adversaries may not prosecute a Prepetition Action absent relief from the automatic stay. Moreover, any party whose proceeding is removed may seek to have it remanded under 28 U.S.C. § 1452(b).

10. The Debtors' requested extension of the time period during which they may remove actions under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 comports with relief granted in other cases by courts in this and other districts. *See, e.g.*, *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (Bankr. S.D.N.Y. Oct. 9, 2002) (granting initial

extension of time to remove actions to the later of 180 days or 30 days after entry of an order terminating the stay with respect to the particular action sought to be removed); *In re Solutia, Inc.*, Case No. 03-17949 (Bankr. S.D.N.Y. Mar. 29, 2004) (initial extension of 120 days); *In re UAL Corp.*, Case No. 02-B-48191 (Bankr. N.D. Ill. Feb. 21, 2003) (extension of 180 days); *In re US Airways, Inc.*, Case No. 04-13819-SSM (Bankr. E.D. Va. Dec. 17, 2004) (extension of 150 days);

For the reasons set forth above, the Debtors respectfully request that this Court enter an Order extending the time period during which they may file notices of removal with respect to any Prepetition Actions through and including the later to occur of (a) June 12, 2006 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

## **Notice**

11. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors will provide notice of this Motion consistent with the procedures set forth in the Court's Order Approving Notice, Case Management and Administrative Procedures entered October 6, 2005.

12. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request the Court grant the Debtors the relief requested herein and such other and further relief as is just and proper.

New York, New York
Dated: December 12, 2005

By:   /s/ Marshall S. Huebner
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-6539

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
: 
In re: :
:
: **Chapter 11 Case No.**
:
**DELTA AIR LINES, INC., et al.,** : **05-17923 (PCB)**
:
: **(Jointly Administered)**
**Debtors.** :
:
------------------------------------- x

## ORDER EXTENDING THE TIME PERIOD WITHIN WHICH
## THE DEBTORS MAY REMOVE ACTIONS

Upon the motion dated December 12, 2005 (the "**Motion**")[1] of Delta Air Lines, Inc. and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[2] for entry of an order pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an extension of the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with this Court's Case Management Order and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that the time period within which the Debtors may file notices of removal with respect to any civil actions pending as of the Petition Date and covered by 28 U.S.C. § 1452 is extended through and including the later to occur of (a) June 12, 2006 or (b) 30 days after the entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

Dated: _____, 2006
      New York, New York

                                                       UNITED STATES BANKRUPTCY JUDGE