DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-6539
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)

Attorneys for Debtors and
 Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
**In re:**                              :   **Chapter 11 Case No.**
                                        :
**DELTA AIR LINES, INC., et al.,**      :   **05-17923 (ASH)**
                                        :
                                        :   **(Jointly Administered)**
                                        :
            **Debtors.**                :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' MOTION TO ASSUME
### UNIFORM APPAREL AND SECURITY AGREEMENT

Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are

debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[1]

respectfully represent:

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

**Background**

1. On September 14, 2005, each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

**Jurisdiction**

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this motion (the "**Motion**"), the Debtors seek authorization pursuant to section 365(a) of the Bankruptcy Code and rule 6006 of the Federal Rules of Bankruptcy Procedure to assume the Uniform Apparel and Security Agreement (the "**Agreement**"), entered into between Delta and Lion Apparel, Inc. ("**Lion Apparel**"), on September 22, 2004, effective as of August 23, 2004, with the express understanding that such assumption, together with the fulfillment of certain other requirements, will lead to the release of all collateral held by Lion Apparel.

**The Agreement**

4. Pursuant to the Agreement, Lion Apparel agrees to furnish uniforms for Delta's in flight service, airport customer service and city ticket office personnel (the "**Public Contact Personnel**"). In exchange, Delta agrees (i) to direct its Public Contact Personnel to purchase their uniform apparel from Lion Apparel by means of a uniform

allotment system that establishes an annual allowance for each employee and (ii) to make payments to Lion Apparel for those orders that fall within each employee's available annual allowance.

5. As security for the payment and performance of Delta's obligations under the Agreement and pursuant to the terms of the Deposit Account Control Agreement, entered into on September 22, 2004, among Delta, Lion Apparel, and The Bank of New York ("**BoNY**"), Delta has transferred cash in the amount of $7,500,000 to a deposit account with BoNY (the "**Deposit Account**") and provided Lion Apparel with a duly perfected security interest (the "**Security Interest**") in the funds held therein. By assuming the Agreement and fulfilling certain other related conditions, the $7,500,000 held in the Deposit Account will be released to Delta, free and clear of Lion Apparel's Security Interest, much earlier than if the Agreement were not assumed.

**The Debtors' Business Judgment Dictates
the Assumption of the Agreement**

6. The Debtors seek authority to assume the Agreement pursuant to Section 365(a) of the Bankruptcy Code.

7. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume . . . any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

8. The standard to be applied by a court in determining whether an executory contract or unexpired lease should be assumed is the "business judgment" test, which is premised upon the debtor's business judgment that assumption would be beneficial to its estate. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993). "More exacting scrutiny would slow the administration

of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

9. Upon finding that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the Court should approve the assumption under section 365(a) of the Bankruptcy Code. *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

10. The Debtors have determined that assumption of the Agreement is in the best interests of the Debtors and their estates. The Agreement governs Delta's new uniform apparel program, pursuant to which orders have been placed, deliveries are underway and invoices are being paid. Furthermore, by assuming the Agreement, the Debtors will be able to release $7.5 million of much-needed cash, which is now being held in the Deposit Account to secure Delta's obligations under the Agreement. Moreover, the Agreement is the result of extensive negotiation between the Debtors and Lion Apparel, and the Debtors do not believe that they can secure the goods and services that are the subject of the Agreement from any other party on better terms. For these reasons, the Debtors submit that it would be an exercise of sound business judgment to assume the Agreement.

11. When assuming an executory contract, section 365(b) of the Bankruptcy Code requires that the debtor cure any defaults under the contract or provide adequate

4

assurance that it will promptly cure such defaults. 11 U.S.C. § 365(b)(1)(A). If there has been a default, the debtor must also provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1)(C).

12. The Debtors do not believe that there are any uncured defaults under the Agreement. However, if there are such uncured defaults, the Debtors are prepared to cure them and provide adequate assurance of future performance under section 365 of the Bankruptcy Code.

## Waiver of Memorandum of Law

13. Because the relevant facts and law are detailed herein, the Debtors request that the Court waive the requirement that the Debtors file a separate memorandum of law in support of this Motion.

## Notice

14. The Debtors will serve notice of this Motion on those parties and in the manner described in the Court's Order Approving Notice, Case Management and Administrative Procedures, dated October 6, 2005 (the "**Case Management Order**").

15. Pursuant to the Case Management Order, the relief requested herein may be granted without a hearing if no objections are timely filed and served in accordance with the Case Management Order.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, for the above stated reasons, the Debtors respectfully request this Court grant the Debtors the relief requested herein and such other and further relief as is just and proper.

New York, New York
Dated: March 16, 2006

                              By:   /s/ Marshall S. Huebner
                                    John Fouhey (JF 9009)
                                    Marshall S. Huebner (MH 7800)
                                    Benjamin S. Kaminetzky (BK 7741)
                                    DAVIS POLK & WARDWELL
                                    450 Lexington Avenue
                                    New York, New York  10017
                                    Telephone:  (212) 450-4000
                                    Fax:  (212) 450-6539

                                    Attorneys for Debtors and
                                        Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :
**In re:**                                  :
                                            : **Chapter 11 Case No.**
                                            :
**DELTA AIR LINES, INC., et al.,**          : **05-17923 (ASH)**
                                            :
                                            : **(Jointly Administered)**
**Debtors.**                                :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING ASSUMPTION OF
## UNIFORM APPAREL AND SECURITY AGREEMENT

Upon the motion dated March 16, 2006 (the "**Motion**")[1] of Delta Air Lines, Inc., and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[2] to assume the Agreement, as described more specifically in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with this Court's Case Management Order, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion [and having held a hearing with appearances of parties in interest noted in the transcript thereof]; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that the assumption of the Agreement in its entirety is authorized and approved pursuant to section 365 of the Bankruptcy Code as an exercise of the Debtor's sound business judgment that such assumption is in the best interests of the Debtors' estates. The Agreement is hereby assumed by the Debtors, and the Debtors are ordered to cure any outstanding defaults under the same; and it is further

ORDERED that the Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate in the ordinary course of business to perform all obligations consistent with this Order, including all actions reasonably necessary to effect the immediate release of the $7,500,000 from the Deposit Account; and it is further

ORDERED that nothing in this Order or the Motion shall in any way expand the rights or priorities Lion Apparel is otherwise entitled to pursuant to the Agreement; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims in connection with or related to the Agreement, except as expressly provided herein.

Dated: _____ \_\_, 2006
       White Plains, New York

_____
UNITED STATES BANKRUPTCY JUDGE