Jeffrey B. Cohen, Chief Counsel
Charles L. Finke, Associate Chief Counsel
Michael P. Mora, Assistant Chief Counsel[*]
Andrea M. Wong, Attorney[*]
Frank A. Anderson, Attorney[*]
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW, Suite 340
Washington, D.C. 20005-4026
Tel: (202) 326-4020, ext. 3759
Fax: (202) 326-4112
anderson.frank@pbgc.gov and
efile@pbgc.gov

Joseph A. Boyle. (JB-5036)
Eric R. Wilson (EW-4320)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Pension Benefit Guaranty Corporation

John Fouhey (JF-9006)
Marshall S. Huebner (MH-7800)
Benjamin S. Kaminetzky (BK-7741)
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 450-6539

Counsel to Debtors and Debtors
In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | **Chapter 11** |
| ) | |
| **DELTA AIR LINES, INC., et al.,** ) | **Case No. 05-17923 (ASH)** |
| ) | |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

---

[*] Admitted *pro hac vice*.

**JOINT STIPULATION AND ORDER REGARDING CLAIMS FILED
BY THE PENSION BENEFIT GUARANTY CORPORATION**

Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[1] and the Pension Benefit Guaranty Corporation ("**PBGC**") have agreed that the Court should enter an order allowing PBGC to file consolidated proofs of claim against the Debtors, for the following reasons and on the following terms and conditions:

**RECITALS:**

1. On September 14, 2005, the Debtors filed voluntary petitions under chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**"). The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 05-17923-ASH.

2. Pursuant to an order entered on June 5, 2006 (the "**Bar Date Order**"), the Court set an August 21, 2006, deadline for all claimants, including governmental units, to file proofs of claims against the Debtors.

3. The Debtors' notice of bar date (the "**Bar Date Notice**"), approved by the Bar Date Order, requires that "[A]ny holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor."

4. The Debtors and PBGC have identified three pension plans in Delta's controlled group that are covered by Title IV of ERISA: the Delta Retirement Plan; the Delta Pilots Retirement Plan; and the Western Air Lines, Inc. Pilots Defined Benefit Plan (collectively, the "**Plans**"). Neither the Debtors nor PBGC is currently aware of any other pension plan sponsored

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

2

by Delta or any other members of Delta's controlled group that is covered by Title IV of ERISA.

5.  The PBGC believes that it must file multiple proofs of claim against each Debtor, representing the contingent and other claims for which the PBGC believes the Debtors are jointly and severally liable to the Plans and PBGC under 29 U.S.C. §§ 1307 and 1362.  Because there are 19 Debtors, the PBGC, absent this Stipulation and Order, would likely file a great number of separate proofs of claim.  These multiple claims would impose a significant and unnecessary administrative burden on the Debtors, the claims agent, PBGC, and the Court.

### AGREED ORDER:

A.  Notwithstanding anything in the Bar Date Order, the Bar Date Notice, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or local bankruptcy rules that would otherwise require PBGC to file a separate proof of claim against each Debtor on account of each claim against such entity, any proof of claim or amendment thereto filed in Case No. 05-17923-ASH by PBGC on its own behalf or on behalf of the Plans shall be deemed to be filed in Case No. 05-17923-ASH and in each of the cases of the other Debtors.

B.  The PBGC shall not be required at this point in time to file any claims with respect to the Delta Retirement Plan.  Rather, the PBGC shall have 45 days from the date, if any, on which (i) Delta files a "PBGC Form 600 – Distress Termination Notice of Intent to Terminate" seeking a distress termination of Delta Retirement Plan or (ii) the PBGC commences judicial action to terminate the Delta Retirement Plan pursuant to 29 U.S.C. § 4042.  At that point in time or before, the PBGC may file additional claims with respect to the Delta Retirement Plan, each of which claims shall be filed only in Case No. 17923-ASH but deemed filed against all of the Debtors.

C.  If PBGC determines that it must file a proof of claim against any Delta affiliate that files for chapter 11 relief in this district subsequent to the date hereof, the Debtors and PBGC

3

may enter into a written agreement under which any proof of claim or amendment that PBGC files in Case No. 05-17923-ASH shall be deemed to be filed in the additional Delta affiliate's case. Such agreements will be binding without further order of this Court.

D. This Stipulation is intended solely for the purpose of administrative convenience and, except to the extent expressly set forth, shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest, including the right to object to or defend any PBGC claim, proof of claim, or amendment thereto on grounds not inconsistent with this Stipulation.

SO ORDERED this 2nd day of August, 2006:

/s/ Adlai S. Hardin, Jr.
The Honorable Adlai S. Hardin, Jr.
United States Bankruptcy Judge

|  |  |
|---|---|
|  | PENSION BENEFIT GUARANTY CORPORATION |
| Dated:     July 18, 2006 | By:    /s/ Andrea M. Wong |
|  | Jeffrey B. Cohen (JC-6271) |
|  | Chief Counsel |
|  | Charles L. Finke (CF-6562) |
|  | Associate Chief Counsel |
|  | Michael P. Mora (MM-2597)* |
|  | Assistant Chief Counsel |
|  | Andrea M. Wong (AW-8221)* |
|  | Frank A. Anderson (FA-5526)* |
|  | Attorneys |
|  | PENSION BENEFIT GUARANTY CORPORATION |
|  | Office of the Chief Counsel |
|  | 1200 K Street, NW, Suite 340 |
|  | Washington, D.C. 20005-4026 |
|  | Tel: (202) 326-4020 ext. 3759 |
|  | Fax: (202) 326-4112 |
|  | - and - |
| LOCAL COUNSEL | Joseph A. Boyle. (JB-5036) |
|  | Eric R. Wilson (EW-4320) |
|  | KELLEY DRYE & WARREN LLP |
|  | 101 Park Avenue |
|  | New York, New York 10178 |
|  | Tel: (212) 808-7800 |

4

Fax: (212)808-7897

Counsel to Pension Benefit Guaranty Corporation

Dated: July 18, 2006

By: /s/ Marshall S. Huebner
John Fouhey (JF-9006)
Marshall S. Huebner (MH-7800)
Benjamin S. Kaminetzky (BK-7741)
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 450-6539

Counsel to Debtors and Debtors
In Possession

Fax: (212)808-7897

Counsel to Pension Benefit Guaranty Corporation

Dated: July 18, 2006

By: /s/ Marshall S. Huebner
John Fouhey (JF-9006)
Marshall S. Huebner (MH-7800)
Benjamin S. Kaminetzky (BK-7741)
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 450-6539

Counsel to Debtors and Debtors
In Possession