**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: :
: :
**In re:** :
: **Chapter 11 Case No.**
: :
**DELTA AIR LINES, INC., et al.,** : **05-17923 (ASH)**
: :
: **(Jointly Administered)**
**Debtors.** :
: :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
**GRANTING DEBTORS' MOTION SEEKING A DETERMINATION**
**THAT THEY SATISFY THE FINANCIAL REQUIREMENTS FOR A**
**DISTRESS TERMINATION OF THE DELTA PILOTS RETIREMENT**
**PLAN AND APPROVAL OF SUCH TERMINATION**

Upon the motion dated August 4, 2006 (the "**Motion**")[1] of Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**"),[2] seeking a determination that they satisfy the financial requirements for a voluntary distress termination of the Delta Pilots Retirement Plan (the "**Pilot Plan**") and approving termination of the Pilot Plan under 29 U.S.C. § 1341(c)(2)(B)(ii)(IV); and the Court having jurisdiction to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding that the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the relief requested in the Motion being in the best interest of the Debtors and their estates; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof; and the Court having determined that the legal and factual bases set forth in the Motion and the pleadings filed in connection therewith establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and upon the Declarations of Edward H. Bastian, Timothy R. Coleman, Margaret M. McDaniel and David Watson, and the extensive additional documentary and testimonial evidence adduced by Delta at the hearing; and after due deliberation and sufficient cause appearing therefor; the Court hereby makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

1. The financial requirements set forth in 29 U.S.C. § 1341(c)(2)(B)(ii)(IV) for a voluntary distress termination of the Pilot Plan are met by each of the Debtors.

2. But for the termination of the Pilot Plan, each of the Debtors will be unable to (i) obtain exit financing that would allow them to emerge from bankruptcy, (ii) submit a feasible plan of reorganization that would satisfy the standards of section 1129 of the Bankruptcy Code, (iii) pay all of their debts pursuant to a plan of reorganization and (iv) continue in business outside of the chapter 11 reorganization process.

3. The foregoing findings are made irrespective of the number of Delta pilots who would actually choose to retire early at any specific point(s) in time.

4. The termination of the Pilot Plan is therefore approved pursuant to 29 U.S.C. § 1341(c)(2)(B)(ii)(IV).

**ACCORDINGLY, IT IS HEREBY**:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that any objections not previously withdrawn or settled are hereby OVERRULED; and it is further

ORDERED that the Debtors are hereby authorized to take any and all actions necessary to implement and accomplish distress termination of the Pilot Plan, effective as of September 2, 2006, without further application to or order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to this Order; and it is further

ORDERED that the effect of this Order shall survive the conversion, dismissal and/or closing of these chapter 11 cases, appointment of a trustee herein, confirmation of a plan of reorganization and/or the substantive

consolidation of these chapter 11 cases with any other case or cases; and it is further

ORDERED that this Order shall be binding upon any chapter 11 trustee or similar entity operating with the equivalent authority of a chapter 11 trustee that may be appointed in these chapter 11 cases; and it is further

ORDERED that the notice procedures used with respect to the Motion satisfied Bankruptcy Rules 2002, 6004 and 9014, and Local Rules 6004-1(a) and 9006-1 by having provided the interested parties with notice and an opportunity to object and be heard at a hearing; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court makes no determination or finding with respect to, and this Order is expressly without prejudice to, the claims of the Individual Objectors and Objector Class (as those terms are defined in the Objection of Robert D. Berger and others filed on this Court's docket as No. 3076) concerning the status of the Qualified Settlement Fund within the Pilot Plan that was established pursuant to the Settlement Agreement approved by this Court on November 10, 2005; further, this Court specifically makes no determination (i) whether the Qualified Settlement Fund should be transferred to the PBGC or a trustee designated by the PBGC to be administered as part of the termination of the Pilot Plan or (ii) if the Qualified Settlement Fund is so transferred, whether the

benefits payable from the Qualified Settlement Fund are affected by the limits on

guaranteed benefits established under Title IV of ERISA.


Dated:   September 5, 2006
         White Plains, New York


                                            /s/ Adlai S. Hardin, Jr.
                                            UNITED STATES BANKRUPTCY JUDGE