**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------- x
In re:                                                                   :
                                                                         :  **Chapter 11**
**DELTA AIR LINES, INC. et al.,**[1]                                     :
                                                                         :  **Case No. 05-17923 (ASH)**
                                                                         :
                     Debtors.                                            :  **(Jointly Administered)**
------------------------------------------------------------------------- x

## ORDER ESTABLISHING PROCEDURES FOR CERTAIN
## OBJECTIONS TO LEVERAGED LEASE CLAIMS

Upon consideration of the Joint Motion by the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Certain Objections to Leveraged Lease Claims, dated September 26, 2006 (the "**Motion**"), filed by Delta Air Lines, Inc. and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") and by the Official Committee of Unsecured Creditors in these cases (the "**Committee**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other notice being required; and the relief requested in the Motion being in the best interests of the Debtors and

---

[1] The debtors in these procedurally consolidated cases (the "**Debtors**") are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

their estates and creditors; and the Court having considered the objections to the Motion that have been filed, the Debtors' and Committee's response to those objections and the revised procedures submitted by the Debtors and the Committee; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Procedures attached as Exhibit A hereto (the "**Procedures**") are hereby approved in all respects and are deemed to have been incorporated herein.

2.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3.  Notwithstanding any other applicable rule, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

Dated:   White Plains, New York
         October 12, 2006

/s/ Adlai S. Hardin, Jr.
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Procedures for Certain Aircraft Lease and Indemnity Claims**

The following procedures will apply to claims of the types specified below that are asserted in connection with leveraged lease transactions involving airframes, aircraft engines or other aircraft equipment.

**I.    Relevant Claims**

For purposes of these procedures "Relevant Claims" shall include claims of the following types:

1. Claims to recover "Stipulated Loss Value," "Termination Value" or similar amounts (collectively, "SLV Claims"); and

2. Claims to recover amounts allegedly owed pursuant to indemnities covering a party's tax obligations and/or a party's expected economic returns, including claims made pursuant to Tax Indemnity Agreements and similar agreements (collectively, "TIA Claims").

Claims to recover amounts allegedly owed pursuant to other indemnification agreements, and claims to recover other amounts with respect to leases and other agreements that pertain to aircraft, aircraft engines and/or aircraft parts, shall not constitute Relevant Claims for purposes of these procedures. If a party's claim includes Relevant Claims as well as other claims, then only the SLV Claims and/or TIA Claims shall constitute Relevant Claims for purposes of these procedures. Claims that are not Relevant Claims shall be subject to the ordinary claims resolution procedures except as may be further ordered by the Bankruptcy Court.

**II.    Designated Objections**

Objections by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") to Relevant Claims on the following grounds are referred to herein as " Designated Objections".

**A.    Administrative Claim Issues**

These Procedures shall govern objections by the Debtors and the Committee to Relevant Claims based on contentions that claims that arise under agreements entered into prior to the Petition Date should be pre-petition claims and should not be entitled to treatment as administrative expenses under Sections 503 and 507 of the Bankruptcy Code.

**B.     Overlapping Claims**

These Procedures shall govern objections by the Debtors and the Committee to SLV Claims and TIA Claims to the extent that they arise out of the same or related transactions and to the extent that they each include amounts that reflect compensation for the same matters, including each of the following more particular objections:

1.      An objection that only one claim may be allowed with respect to a single alleged loss and that duplicative claims for the same loss cannot be allowed;

2.      An objection that allowed SLV Claims must be reduced by the amount of allowed TIA Claims to the extent that the parties' contracts so require or under applicable law;

3.      An objection that allowed TIA Claims must be reduced by the amount of allowed SLV Claims to the extent that the parties' contracts so require or under applicable law; and

4.      An objection that the overlapping portion(s) of SLV Claims and TIA Claims otherwise must be allocated either in such manner as the parties agree or as the Bankruptcy Court shall direct.

**C.     Accounting for Current and Future Benefits**

These Procedures shall govern objections by the Debtors and the Committee to Relevant Claims to the extent that those claims include compensation for tax losses or tax liabilities that are attributable to a default or other event without also taking into account all tax benefits that are attributable to the same default or event, including without limitation (i) reductions in tax payments or (ii) grants of credits that would have been required if the default or event had not occurred.

**D.     Time Value**

These Procedures shall govern objections by the Debtors and the Committee to Relevant Claims to the extent they include amounts that represent sums or values that the claimant expected to realize in the future and to the extent that such future sums are not discounted to present value at an appropriate discount rate.

**E.     Gross-Up Calculations**

These Procedures shall govern objections by the Debtors and the Committee to Relevant Claims to the extent they include "gross-up" calculations to reflect the fact that the holder may pay taxes on the amount the holder receives and to the extent that such "gross-up" calculations are based on the amount of the claim, rather than the amount that the Debtors actually distribute with respect to such claim.

### III. Procedures Governing the Coordination and Litigation of Designated Objections

In order to coordinate the litigation of certain common issues in a reasonable manner the following procedure shall apply:

#### A. Other Objections Permitted

The fact that these Procedures have been approved shall not prevent the Debtors and the Committee from making other objections with respect to Relevant Claims or to any other claims arising out of the transactions from which Relevant Claims arise.

#### B. Coordination of Litigation of Designated Objections

The Debtors and the Committee shall attempt to present Designated Objections to the Court in a manner that permits common issues to be litigated efficiently. To that end, the following procedures are approved:

##### 1. Order

Designated Objections do not need to be asserted and litigated together and may be asserted and litigated separately.

##### 2. Procedure

The Debtors and the Committee may initiate litigation of a Designated Objection as to one or more Relevant Claims and need not wait until all potential holders of Relevant Claims have filed such claims before instituting the litigation of a Designated Objection.

##### 3. Declaratory Judgment Actions

The Debtors and the Committee have indicated that they may commence declaratory judgment actions against holders of Relevant Claims who have not yet filed proofs of claim, seeking a declaration as to the matters set forth in one or more Designated Objections, in order to facilitate the coordinated litigation of issues pursuant to these procedures. The Debtors and the Committee shall not be required to assert all Designated Objections and other objections that may relate to a holder in a single such declaratory judgment action. Instead, the commencement of a declaratory judgment action against one or more holders of Relevant Claims for purposes of asserting a Designated Objection shall not be a bar to subsequent actions against the same defendant or defendants and/or with respect to other Designated Objections or other objections. The filing of a declaratory judgment action pursuant to these procedures shall be without prejudice to the defendants' rights to contend that no actual controversy exists and that a declaratory judgment action is improper and the Debtors' and the Committee's rights to contend otherwise.

### 4. Filing and Service of Notices of Litigation

The litigation of a Designated Objection with respect to specific Relevant Claims shall be initiated through the service and filing, by the Debtors and the Committee, of a notice (a "Notice of Litigation"), specifying the Designated Objection to be litigated and appending a list of the Relevant Claims to which the Designated Objection is being asserted. The appended list of Relevant Claims may include claims as to which proofs of claim have been filed and claims that are subject to declaratory judgment actions that have been commenced pursuant to these Procedures. The list of Relevant Claims that is appended to a Notice of Litigation shall include the relevant claim numbers (where applicable), the FAA registration numbers of the relevant aircraft and the claimants' full names and addresses.

Provided that the Notice of Litigation meets the requirements hereof, the Notice of Litigation shall constitute a claims objection. The Court will set a briefing schedule at the Court Conference described below and the Notice of Litigation does not need to include a full briefing on the merits. However, the Notice of Litigation shall describe the Designated Objection with sufficient specificity (and, if necessary, sufficient attached support) to comply with the applicable requirements of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure and all applicable local rules with respect to claims objections.

Copies of the Notice of Litigation shall be served on the holders of all Relevant Claims on the list appended to the notice and also on (a) the holders of all other Relevant Claims that have been filed, and (b) all other parties known to the Debtors to be participants in leveraged lease transactions and who may have SLV Claims and/or TIA Claims. The Notice of Litigation shall specify the nature of the Designated Objection with sufficient detail to permit holders of other Relevant Claims to make decisions as to whether to file Notices of Participation. The Notice of Litigation shall also include the date of the scheduled Court Conference described in Part III(B)(8) of these Procedures.

### 5. Notice of Participation

Any person who holds a Relevant Claim that is not subject to a Notice of Litigation may elect to subject its claim to a Designated Objection that is covered by a pending Notice of Litigation by serving and filing a notice of its intent to do so (a "Notice of Participation"). A Notice of Participation may be filed by any person who holds a Relevant Claim, regardless of whether or not such Relevant Claim has been asserted in a proof of claim or is subject to a pending declaratory judgment action. Any such Notice of Participation shall be served and filed no later than twenty-one (21) days after the filing of the Notice of Litigation to which such Notice of Participation relates (the "Participation Deadline"). The filing of a Notice of Participation shall constitute:

(a) an agreement that the Bankruptcy Court's resolution of that particular Designated Objection shall be binding upon the holder in the manner specified herein (subject to appellate rights); and

4

        (b)    a waiver of any conflict of interest that might otherwise impede the ability of counsel to the Debtors and/or the Committee to continue to litigate the Designated Objection.

The waiver of conflicts of interest pursuant to sub-paragraph (b), above, shall relate only to the litigation of the Designated Objection that is the subject of the Notice of Participation and not to other matters. The person who files a Notice of Participation shall have the rights of a party to the litigation that is the subject of that notice.

### 6. Addition of Parties

If the Respondents with respect to a particular Notice of Litigation include some parties to a particular leveraged lease transaction but not others (for example, if the owner participant in a leveraged lease transaction files a Notice of Participation but the lenders in such transaction do not, or if one lender files a Notice of Participation but other lenders do not), the Debtors and the Committee may (at their discretion) file such additional notices or take such other actions as they deem proper in order to add such other parties to the litigation of the particular Designated Objection that is the subject of the Notice of Litigation. The Debtors and the Committee shall file an amended Notice of Litigation (the "Amended Notice of Litigation") no later than ten (10) days after the Participation Deadline, specifying the names of all persons included in the original Notice of Litigation, the persons who filed Notices of Participation and the additional parties added pursuant to this paragraph.

### 7. Persons Bound

The holders of Relevant Claims that are identified in an Amended Notice of Litigation shall collectively constitute the "Respondents" with respect to that Notice of Litigation, unless (at the Court Conference mentioned below) the Court directs that a particular person not be treated as a Respondent. The litigation of a Designated Objection shall be binding upon the Debtors, the Committee, and the Respondents in the same manner that the litigation of a claims objection is binding upon the holder(s) of such claims. However, such litigation shall not be binding upon the holders of Relevant Claims who are not Respondents in that litigation, whether through doctrines of *res judicata*, collateral estoppel or otherwise. Furthermore, each Respondent shall have the same rights of appeal that holders of disputed claims ordinarily have, and nothing herein shall be interpreted as modifying or restricting any such rights of appeal.

### 8. Court Conference

The Court will hold a conference on or as soon as practicable after the 40th day following the filing of a Notice of Litigation, at which time the following matters will be discussed and decided:

        (a)    the extent to which discovery (if any) is required;

        (b)    the extent to which joint briefs can or should be submitted;

5

      (c)    a briefing schedule;

      (d)    any issues as to whether litigation of a Designated Objection should be postponed until other Designated Objections or other issues are first resolved;

      (e)    if there is a dispute as to the propriety of whether such grouping of claims objections is appropriate, whether such claims objections should proceed in a procedurally consolidated manner or should be divided into two or more proceedings; and

      (f)    any other matter that will contribute to the fair and efficient resolution of the issues raised in the Designated Objection.

      **9.**    **<u>Factual Disputes</u>**

The Designated Objections that are the subject of these procedures are intended to cover certain legal issues that will affect a large number of claims. Factual disputes as to individual transactions (for example, the dollar amount with regard to which there is an overlap between SLV Claims and TIA Claims in a particular transaction) may not be resolved in the context of the litigation that is contemplated by these procedures. Instead, factual disputes will be resolved in the context of claims resolution affecting individual claims, or in such other manner as the Bankruptcy Court may direct.

      **10.**    **<u>Modifications for Cause Shown</u>.**

Upon application by the Debtors, the Committee, and/or the holders of Relevant Claims, for good cause shown, the Bankruptcy Court may at any time modify these Procedures insofar as they relate to particular Designated Objections or to particular Relevant Claims.

**IV.**    **<u>Deadlines</u>**

The deadline for the service of Notices of Litigation with respect to all Designated Objections and all Relevant Claims shall be the same as the generally applicable deadline for the filing of objections to pre-petition, unsecured claims, as established by a confirmed plan of reorganization for the Debtors or through further Order of the Bankruptcy Court.

**V.**    **<u>Miscellaneous</u>**

      1.    The Notices of Litigation and Amended Notices of Litigation filed by the Debtors and the Committee with respect to a Designated Objection shall constitute objections for purposes of Rule 3007 of the Federal Rules of Bankruptcy Procedure, provided that they comply with the requirements set forth in these Procedures.

      2.    Nothing herein shall affect in any way the rights of creditor or other party in interest to object to a claim filed by another creditor or party in interest.

6

3. Service of all papers may be made in accordance with the terms of the Bankruptcy Court's *Order Approving Notice, Case Management and Administrative Procedures*, dated October 6, 2005 or as otherwise provided in the applicable rules.

4. Persons who are not named in a Notice of Litigation or Amended Notice of Litigation and who do not file Notices of Participation shall continue to have rights to appear and to be heard to the extent provided by Section 1109 of the Bankruptcy Code. In addition, these Procedures are without prejudice to the rights of such persons to file motions seeking permission to intervene pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure. However, the Debtors and the Committee reserve their rights to object to any such motion to intervene on any available grounds, including (without limitation):

   (a) rights to object as to the scope of such intervention and of the rights to be granted to a proposed intervenor;

   (b) rights to object to the extent that such intervention would give rise to conflicts of interest for counsel who are representing the Debtors and the Committee in such litigation; and/or

   (c) rights to object to the extent that such intervention would otherwise give rise to delay or prejudice.