DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 450-6539
Sharon Katz (SK 4911)
Andrew Dean (AD 4312)
Miriam Ingber (MI 2873)

Attorneys for Debtors and
    Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
**In re:**                                          :
                                                    :
**DELTA AIR LINES, INC., et al.,**                  :   **Chapter 11 Case No.**
                                                    :
                                                    :   **05-17923 (ASH)**
                                                    :
                    **Debtors.**                    :   **(Jointly Administered)**
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ASSUME A CERTAIN LEASE WITH THE <u>GREATER ORLANDO AVIATION AUTHORITY</u>

Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[1] respectfully represent:

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management,

**Background and Jurisdiction**

1. On September 14, 2005 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

*2.* The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as Exhibit A (the "**Order**"), authorizing the Debtors to assume a certain lease, as discussed below, between Delta and the Greater Orlando Aviation Authority (the "**Authority**"), pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

**Basis for Relief**

4. Delta and the Authority are parties to the Support Facilities Lease Agreement, effective as of February 1, 1990, Delta contract number MCO 34319 (the "**Lease**"). The Lease governs Delta's use of air cargo and ground support equipment facilities (the "**Leased Premises**") at the Orlando International Airport (the "**Airport**").

---

Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, LLC; Kappa Capital Management, Inc.; and Song, LLC.

5. As part of the Debtors' ongoing restructuring efforts, the Debtors are reviewing space and facilities requirements at airports and, where appropriate, taking steps to assume or reject leases.

6. On December 22, 2005, Delta moved to reject, <u>inter alia</u>, the Airline-Airport Use Agreement, dated June 1, 1978 (the "**Use Agreement**"), between Delta and the Authority, governing Delta's use and occupancy of various airport facilities at the Airport. In a negotiated resolution of the rejection motion, Delta and the Authority entered into two Stipulation and Consent Orders, so ordered by the Court on February 21, 2006, dealing with, <u>inter alia</u>, various rejection and setoff issues ("**Rejection Stipulation and Consent Order**" and "**Setoff Stipulation and Consent Order**," respectively). Pursuant to a side letter agreement, dated February 17, 2006, which was incorporated by reference in the Rejection Stipulation and Consent Order and presented to the Court and the official committee of unsecured creditors, Delta agreed that it would either assume or reject the Lease by the earlier of December 31, 2006 or confirmation of a plan of reorganization. By moving to assume the Lease now, Delta is satisfying its obligation under this side letter agreement and the Rejection Stipulation and Consent Order.

7. Assumption of the Lease will allow Delta to continue using its air cargo and ground support equipment facilities, which are critical to Delta's operations at the Airport. In addition, the assumption will ensure that Delta continues to benefit from the terms of the Sublease Agreement, dated March 14, 2005, (the "**Sublease**"), between Delta and Walt Disney World Co. ("**Disney**"), whereby Delta subleases part of the Leased Premises to Disney. The Sublease originally was set to terminate on December 31, 2006, but Delta and Disney recently amended the Sublease to extend the term through

September 30, 2010 (the "**Amended Sublease**"). Under the Amended Sublease, Delta will sublease increased space to Disney with the result that Delta will receive larger rental payments than it was receiving under the Sublease.

8. The Debtors have examined the costs associated with their obligations under the Lease and have determined, using their business judgment, that the assumption will assist the Debtors in managing their future operations and will ensure that Delta continues to benefit from the revenue generated under the terms of the Amended Sublease. The Debtors have therefore determined that assumption of the Lease is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

### The Lease Is Assumed Pursuant to Debtor's Business Judgment

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

10. Courts defer to a debtor's business judgment in assuming or rejecting an executory contract or unexpired lease, and, upon finding that a debtor has exercised its sound business judgment, approve the assumption or rejection under section 365(a) of the Bankruptcy Code. *See Orion Pictures*, 4 F.3d at 1099 (recognizing the "business judgment" standard used to approve assumption of executory contracts); *In re Minges*,

4

602 F.2d 38, 42-43 (2d Cir. 1979) (same); *In re G Survivor Corp.*, 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994) (approving the rejection of a license by a debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment"). Under this standard, courts should approve a debtor's decision to assume where the debtor demonstrates that assumption will benefit the debtor's estate or reorganization efforts.

11. The Debtors submit that assumption of the Lease represents a sound exercise of the Debtors' business judgment, is for a valid business purpose, and that the terms of the Lease are fair and reasonable.

12. Delta intends to comply with section 365(b) of the Bankruptcy Code, which requires, if there is a default in the lease to be assumed, that the debtor cure the default, pay the necessary compensation, and provide adequate assurance of future performance. 11 U.S.C. § 365(b). Delta does not believe that there are any defaults under the Lease. With respect to pre-petition amounts payable to the Authority, pursuant to the Setoff Stipulation and Consent Order, Delta set off certain of its pre-petition credits against certain pre-petition amounts purportedly owed to the Authority. As part of the Setoff Stipulation and Consent Order, the Authority agreed that it "shall not assert any other pre-petition claim that the [Authority] may now or hereafter have against Delta, except for (a) any pre-petition claim that was neither known nor reasonably knowable by the [Authority] as of the date [of the Setoff Stipulation and Consent Order] and (b) claims for damages, if any, arising from the rejection of the [Use Agreement]."

5

### Relief Under Bankruptcy Rule 6004(g)

13.     Bankruptcy Rule 6004(g) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." The Debtors request that the Court waive the ten-day stay required by Rule 6004(g) so that the Order is effective immediately upon its entry.

### Notice

14.     Pursuant to the Court's Order Approving Notice, Case Management and Administrative Procedures, dated October 6, 2005 (the "**Case Management Order**"), the Debtors will serve notice of this Motion on each of (i) the Core Parties (as defined in the Case Management Order), (ii) the Authority, (iii) Disney, and (iv) the Non-ECF Service Parties (as defined in the Case Management Order). Pursuant to the Case Management Order, the relief requested herein may be granted without a hearing if no objections are timely filed and served in accordance with the Case Management Order.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order approving the relief requested herein and such other and further relief as is just and proper.

[*The remainder of this page is intentionally left blank*]

Dated:   New York, New York
         October 23, 2006

                              By:  /s/ Sharon Katz
                                   Sharon Katz (SK 4911)
                                   Andrew Dean (AD 4312)
                                   Miriam Ingber (MI 2873)


                              DAVIS POLK & WARDWELL
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 450-6539

                              Attorneys for Debtors and
                                 Debtors in Possession

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
In re:                             :
                                   : Chapter 11 Case No.
DELTA AIR LINES, INC., et al.,     :
                                   : 05-17923 (ASH)
                                   :
                                   : (Jointly Administered)
                   Debtors.        :
                                   :
                                   :
---------------------------------- x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ASSUME A CERTAIN LEASE WITH THE <u>GREATER ORLANDO AVIATION AUTHORITY</u>**

Upon the Motion of Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")[2] seeking authorization to assume the Lease with the Greater Orlando Aviation Authority, dated October 23, 2006 (the "**Motion**");[3] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding

---

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, LLC; Kappa Capital Management, Inc.; and Song, LLC.

[3] Capitalized terms used herein that are not otherwise defined herein shall have the meaning ascribed to them in the Motion.

that the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Case Management Order; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest in this case, and that the assumption of the Lease represents a prudent exercise of the Debtors' business judgment; and the Debtors having articulated good, sufficient and sound business justifications for the assumption of the Lease; and the Court having reviewed the Motion [and having held a hearing with appearances of parties in interest noted in the transcript thereof]; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that Debtors have authority to assume the Lease, as discussed in the Motion, pursuant to section 365 of the Bankruptcy Code, and the Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to perform all obligations contemplated under the Lease; and it is further

ORDERED that Debtors have complied with the requirements of section 365(b) of the Bankruptcy Code and there are no defaults under the Lease; and it is further

ORDERED that the effect of this Order shall survive the conversion, dismissal and/or closing of these chapter 11 cases, appointment of a trustee herein, confirmation of a plan of reorganization, and/or the substantive consolidation of these chapter 11 cases with any other case or cases; and it is further

ORDERED that this Order shall be binding upon any chapter 7 or chapter 11 trustee appointed in the Debtors' chapter 11 cases or any succeeding chapter 11 cases; and it is further

ORDERED that the notice procedures satisfy Bankruptcy Rules 2002, 6004 and 9014, and Local Rules 6004-1(a) and 9006-1 by providing the counterparties with notice and an opportunity to object and be heard at a hearing; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(g), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2006
        White Plains, New York

                                      UNITED STATES BANKRUPTCY JUDGE