DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6539
Marshall S. Huebner (MH 7800)
Timothy E. Graulich (TG 0046)
Hugh R. McCullough (HM 0006)

Attorneys for Debtors and
 Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::
**In re:** :
:  **Chapter 11 Case No.**
:
**DELTA AIR LINES, INC., et al.,** : **05-17923 (ASH)**
:
: **(Jointly Administered)**
**Debtors.** :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AUTHORIZATION TO ASSUME**
**SOFTWARE AGREEMENT WITH SAP AMERICA, INC.**

Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[1] respectfully represent:

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, LLC; Kappa Capital Management, Inc.; and Song, LLC.

**Background and Jurisdiction**

1. On September 14, 2005, each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this motion (the "**Motion**"), the Debtors seek an order in the form attached hereto as Exhibit A (the "**Order**") authorizing the Debtors, pursuant to section 365 of the Bankruptcy Code, to assume the Software End-User License Agreement dated September 24, 1999, as amended by Amendment One to Appendix Seven issued March 22, 2005 ("**Amendment One**") and Amendment Two to Appendices One, Two, Three, Four, Five and Seven dated December 11, 2006 ("**Amendment Two**") between Delta and SAP America, Inc. (the Software End-User License Agreement, as amended by Amendment One, Amendment Two and including each other appendix and amendment thereto, the "**Software Agreement**").[2]

---

[2] Because the Software Agreement contains highly sensitive commercial information, the Debtors have not attached copies to this Motion but will provide copies to the Court, advisors to the Official Committee of Unsecured Creditors and advisors to the agent for the Debtors' post-petition credit facility.

## Basis for Relief

4. Under the Software Agreement, the Debtors license from SAP America, Inc. ("**SAP**") a variety of software applications for use throughout the Debtors' logistics, supply and accounting systems. Among other things, the Debtors use SAP software for advanced planning and optimization work relating to the Debtors' supply network, for business-to-business supply procurement and for spare parts management.

5. Each of the aforementioned software applications are licensed to the Debtors by SAP pursuant to appendices to the Software Agreement. The Debtors pay a single yearly maintenance fee for the continuing use of the software applications. Before Amendment Two, the annual maintenance fee was $3,740,000 per year, subject to a 2% maintenance increase in 2007 and a 4% increase in 2008 for extended maintenance. In 2009 and thereafter, SAP was entitled to adjust the maintenance fee to conform to prevailing market rates.

6. After extensive discussions, SAP and the Debtors have agreed that the Debtors will assume the Software Agreement as amended by Amendment Two. Such assumption will, for purposes of Amendment Two, take effect as of the date of the entry of an Order authorizing assumption of the Software Agreement.

7. Under Amendment Two, the yearly maintenance fee that the Debtors pay for the use of SAP software applications will be reduced from $3,740,000 to $2,732,023 (a reduction of $1,007,977 annually), although such fee will remain subject to

the same scheduled increases of 2% in 2007 and 4% in 2008 as were in effect before Amendment Two.[3]

8. Also, as part of the comprehensive settlement between the Debtors and SAP, SAP waives any claim that it may otherwise have had against the Debtors for pre-petition defaults under the Software Agreement, the Professional Services Agreement dated September 30, 1999 between Delta and SAP and under various Statements of Work issued pursuant thereto (the "**Waived Agreements**"), including claims for "cure" and any right to demand "adequate assurance" under section 365(b) of the Bankruptcy Code, but excluding claims for unauthorized use or disclosure of SAP Proprietary Information (as defined in the Waived Agreements). The Debtors owe SAP approximately $1,925.00 in consulting fees for service performed by SAP before the Petition Date under the Waived Agreements. SAP has filed multiple proofs of claim for such amount (claim numbers 485, 489 and 1763) and, if the Debtors' assumption of the Software Agreement is authorized by this Court, each such proof of claim will be deemed withdrawn with prejudice and SAP agrees that the Debtors' claims agent will remove such claims from the claims register without further Order of this Court.

9. By this Motion, the Debtors seek to assume the Software Agreement (as amended by Amendment Two). The Debtors believe that assuming the Software Agreement is in the best interests of the Debtors' estate because it will permit the Debtors to continue to use SAP software at a reduced rate and will result in the withdrawal and expungement of SAP's various pre-petition claims. The Debtors

---

[3] In addition, under an existing appendix to the Software Agreement, the Debtors pay approximately $126,000 a year in additional maintenance fees that are not included in the general yearly maintenance fee. This supplemental fee will not be altered by Amendment Two.

therefore seek authorization to assume the Software Agreement pursuant to section 365 of the Bankruptcy Code.

### Assumption of the Software Agreement is a Prudent Exercise of the Debtors' Business Judgment

10. Under section 365(a) of the Bankruptcy Code, a debtor in possession, "subject to the court's approval, may assume . . . any executory contract or unexpired lease of the debtor." The standard to be applied by a court in determining whether an executory contract or unexpired lease should be assumed is the "business judgment" test, which is premised upon the debtor's business judgment that assumption would be beneficial to its estate. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

11. Upon finding that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the Court should approve the assumption under section 365(a) of the Bankruptcy Code. *See, e.g.*, *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

12. The Debtors have determined that assumption of the Software Agreement is in the best interests of the Debtors and their estates. Assuming the

Software Agreement will save the Debtors and their estates approximately $1,000,000 per year through 2009, in addition to the savings from SAP's waiver of its pre-petition claims. Moreover, assuming the Software Agreement will allow the Debtors to continue to take advantage of SAP's expertise and SAP's software applications.

### Cure of Existing Defaults Under Section 365(b)

14. When assuming an executory contract, section 365(b) of the Bankruptcy Code requires that the debtor cure any defaults under the contract or provide adequate assurance that it will promptly cure such defaults. 11 U.S.C. § 365(b)(1)(A). If there has been a default, the debtor must also provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1)(C).

14. Under Amendment Two, SAP has agreed to waive any breaches or other defaults of the Software Agreement that arose prior to the effectiveness of Amendment Two, and SAP has also agreed to waive any right to "cure" or "adequate assurance" that it might otherwise have been entitled to assert under section 365(b) of the Bankruptcy Code. Assuming the Software Agreement will therefore result in the withdrawal of SAP's proofs of claim and the final settlement of the Debor's pre-petition debt to SAP.

### Notice

15. Pursuant to the Court's Order Approving Notice, Case Management and Administrative Procedures, dated October 6, 2005 (the "**Case Management Order**"), the Debtors will serve notice of this Motion on each of (a) the Core Parties (as defined in the Case Management Order), (b) SAP and (c) the Non-ECF Service Parties (as defined in the Case Management Order). Pursuant to the Case

6

Management Order, the relief requested herein may be granted without a hearing if no objections are timely filed and served in accordance with the Case Management Order.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the Debtors the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2006

By: /s/ Timothy E. Graulich
Timothy E. Graulich (TG 0046)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6539

Attorneys for Debtors and
Debtors in Possession

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
**In re:**                                      :
                                                : **Chapter 11 Case No.**
                                                :
**DELTA AIR LINES, INC., et al.,**              : **05-17923 (ASH)**
                                                :
                                                : **(Jointly Administered)**
                    **Debtors.**                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING THE DEBTORS TO ASSUME SOFTWARE AGREEMENT WITH SAP AMERICA, INC.

Upon the motion dated December 12, 2006 (the "**Motion**")[1] Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")[2] seeking authority to assume the Software Agreement, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, LLC; Kappa Capital Management, Inc.; and Song, LLC.

and proper notice of the Motion having been provided in accordance with this Court's Case Management Order, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest in these cases; and assuming the Software Agreement representing a prudent exercise of the Debtors' business judgment; and the Debtors having articulated good, sufficient and sound business justifications and compelling circumstances for entering into Amendment Two and assuming the Software Agreement as amended thereby; and the Court having reviewed the Motion [and having held a hearing with appearances of parties in interest noted in the transcript thereof]; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that, pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Software Agreement (as amended by Amendment Two) and to execute, deliver and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to perform all obligations contemplated under the Software Agreement; and it is further

ORDERED that the Debtors shall be released from, and SAP shall be deemed to have waived, any pre-petition claims against the Debtors arising out of or relating in any way to the Waived Agreements (including any claim for "cure" or right to

demand "adequate assurance" under section 365(b) of the Bankruptcy Code and any right to terminate any Waived Agreement, but excluding claims for unauthorized use or disclosure of SAP Proprietary Information (as defined in the Waived Agreements)), and if a proof of claim has been filed or is subsequently filed by SAP against the Debtors with respect to any such pre-petition claim, including claims 485, 489 and 1763, SAP agrees that the Debtors shall be authorized to direct their bankruptcy claims agent to expunge each such claim from the claims register (including claims 485, 489 and 1763); and it is further

ORDERED that the notice procedures satisfy Bankruptcy Rules 2002, 6004 and 9014 and Local Rules 6004-1(a) and 9006-1 by providing counterparties with notice and an opportunity to object and be heard at a hearing; and it is further

ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure that might otherwise delay the effective time of this order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2006
       White Plains, New York

                                                        UNITED STATES BANKRUPTCY JUDGE