# Exhibit B-1

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br>Delta Air Lines, Inc., et al., Case No. 05-17923 (ASH) | | PROOF OF CLAIM<br>Filed: USBC - Southern District of New York<br>DELTA AIR LINES, INC., Et Al.<br>05-17923 (PCB)    0000006918 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>Delta Air Lines, Inc. | | |
| Case No. of Debtor Against Which Claim is Held<br>05-17923 | | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C.§ 503. | | THIS SPACE IS FOR COURT USE ONLY |

| Name and Address of Creditor (and name and address where notices should be sent if different from name and address of Creditor):<br><br>M. Michele Burns<br>1249 Stillwood Dr.<br>Atlanta, GA 30306<br><br><br>Telephone number: (404) 607-8329 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **NOTICE OF SCHEDULED CLAIM:**<br>Your claim is scheduled by the Debtor as:<br><br><br><br><br><br><br><br>IF YOU AGREE WITH THE AMOUNT, NATURE AND PRIORITY OF THE CLAIM AS SET FORTH IN THE SCHEDULES, <u>AND</u> YOU AGREE THAT THE CLAIM IS AN OBLIGATION ONLY OF THE SPECIFIC DEBTOR AGAINST WHICH THE CLAIM IS LISTED IN THE SCHEDULES, YOU DO <u>NOT</u> NEED TO FILE A PROOF OF CLAIM, <u>EXCEPT</u>, IF THE CLAIM IS SCHEDULED AS "DISPUTED," "CONTINGENT" OR "UNLIQUIDATED," A PROOF OF CLAIM <u>MUST</u> BE FILED. |
|---|---|---|
| **THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE DELIVERED SO THAT IT IS ACTUALLY RECEIVED BY 5:00 PM (EASTERN TIME) ON AUGUST 21, 2006.** | | |
| If by overnight mail or hand delivery:<br>United States Bankruptcy Court<br>Southern District of New York<br>Delta Claims Processing Center<br>One Bowling Green, Room 534<br>New York, NY 10004-1408 | If by standard mail to:<br>United States Bankruptcy Court<br>Southern District of New York<br>Delta Claims Processing Center<br>PO Box 5016, Bowling Green Station<br>New York, NY 10274-5016 | |

| Please check the box and add the following information where applicable:<br>☐ Debtor Accounts Payable #<br>☐ Debtor Aircraft Registration #<br>☐ Debtor Employee # | **Check here if this claim:**<br>☐ Replaces<br>    a previously filled claim, dated: _____<br>☐ Amends |
|---|---|
| 1. **Basis for Claim**<br>   ☐ Goods sold<br>   ☒ Services performed<br>   ☐ Money loaned<br>   ☐ Personal injury/wrongful death<br>   ☐ Taxes<br>   ☐ Other_____ (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Last Four Digits of your SS#: ____ ____ ____ ____<br>Unpaid compensation for services performed<br>from _____ to _____<br>      (date)      (date) |
| 2. Date debt was incurred: See attached | 3. If court judgment, date obtained: |
| 4. Total Amount of Claim at Time Case Filed: $_____ + _____ + _____ = See attached<br>        (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)<br>If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below. | |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | |
| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br>Value of Collateral: $_____<br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____ | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).<br>☐ Wages, salaries or commissions (up to $10,000), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
| 6. **Unsecured Nonpriority Claim:** $ See attached<br>☒ Check this box if: a) there is not collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Up to $2,225 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| 8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>10. **Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>2006 AUG 21 P 3:02<br>U.S. BANKRUPTCY COURT<br>S.D.N.Y. |
| Date<br>8/17/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*M. Michele Burns*  M. Michele Burns |
| *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. | |

## ATTACHMENT TO PROOF OF CLAIM OF M. MICHELE BURNS.

M. Michele Burns ("Ms. Burns"), a former employee of Delta Air Lines, Inc. ("Delta") is the holder of claims (collectively, the "Claims"), as more fully set forth herein, against Delta and its affiliated debtors[1] and debtors in possession (collectively, the "Debtors"), in the bankruptcy cases jointly administered under Case No. 05-17923 (ASH), which were initially commenced on September 14, 2005 (the "Petition Date") by the filing of a voluntary petition by the Debtors under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101, et seq.) (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

A.    Protective Proof of Claim; Reservation of Rights.

On November 10, 2005, this Court entered an order (the "Order") granting the Debtors' Motion for Approval of Procedures Pursuant to (i) Sections 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure for the Rejection of Certain Executory Contracts and Unexpired Leases and (ii) Sections 105(a) and 554(a) of the Bankruptcy Code for the Abandonment of Certain of the Debtors' Personal Property. Pursuant to the Order, on November 15, 2005, the Debtors filed with the Bankruptcy Court their Notice of Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Personal Property, which purports to reject, among other agreements, that certain consulting agreement between Delta and Ms. Burns dated May 3, 2004 (the "Agreement", a true and correct copy of which is attached hereto as Exhibit A). On November 30, 2005, Ms. Burns filed with the Bankruptcy Court her Objection to the Debtors' Notice of Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Personal Property (the "Objection", a true and correct copy of which is attached hereto as Exhibit B). As set forth in more detail in the Objection, Ms. Burns objects to the Debtors' attempt to reject the Agreement because it is not an executory contract, and in the alternative, if the Agreement is held to be executory, Ms. Burns objects on the basis that the Debtors failed to exercise reasonable business judgment in making such a request. Objection ¶ 5. By submission of this Proof of Claim in accordance with the Bankruptcy Court's orders, Ms. Burns expressly does not waive and hereby reserves all her rights with respect to the Objection.

B.    Materials Evidencing the Claims.

Attached hereto as Exhibit A is the Agreement that evidences the Claims. While Ms. Burns has used reasonable efforts to identify and attach materials in her control or possession that evidence the Claims, she makes no representation that the Agreement constitutes the only materials evidencing or relating to the Claims. Ms. Burns expressly reserves her right to supplement, amend and/or otherwise evidence the Claims, or respond to any objections thereto, with additional materials.

---

[1]    Delta's affiliated debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

C.   Summary of the Claims.

On or about May 3, 2004, Ms. Burns and the Debtors entered into the Agreement, pursuant to which the Debtors retained Ms. Burns to provide consulting services for the period of May 1, 2004 through May 1, 2009 or upon her death or disability if such occurred prior to May 1, 2009. Specifically, the Agreement obligated Ms. Burns to provide consulting services to Delta's Chief Executive Officer ("CEO") regarding matters of her general expertise, including but not limited to, financial matters. Additionally, under the Agreement, Ms. Burns was obligated to refrain, up until May 1, 2009, from soliciting any person that at that time was a director or officer of Delta or any of its subsidiaries to accept employment or provide services to any other company or enterprise.

In consideration for Ms. Burns' agreement to provide these consulting services, Delta agreed to provide unlimited free travel ("positive space travel") in first class for Ms. Burns, her spouse or domestic partner, and dependent children on the Debtors' aircraft for her lifetime (the "Travel Privileges"). According to the Agreement, the Travel Privileges were to be governed by "all rules and procedures applicable to non revenue travel benefits at the time the travel benefits are used." Travel Privileges were usable for pleasure, vacation, or personal emergency but not for any type of business or professional activity, and were not subject to a service charge. Also pursuant to the Agreement, "[p]ositive space travel" would be treated as imputed income to Ms. Burns and, as is the case for retired executive officers, she was responsible for any resulting income tax. Finally, the Agreement provided that "[t]his benefit will continue to the same extent as positive space travel continues for retired executive officers."

Although Ms. Burns agreed to provide the Debtors' CEO with consulting services, she earned the Travel Privileges as of the date her employment with the Debtors was terminated, which was approximately two years ago. The Agreement provides no expiration date for the Debtors' obligation to provide the Travel Privileges and, notably, does not provide for the termination of travel benefits even if Ms. Burns ceases to provide the bargained for consulting services. The only basis under the Agreement for suspension or termination of such benefits is a violation of any of the rules governing non-revenue travel benefits. Nevertheless, the Debtors have ceased providing Ms. Burns with the Travel Privileges that she is entitled to under the Agreement. Accordingly, Ms. Burns asserts Claims against the Debtors for the value of these Travel Privileges and for the value of any additional benefits arising (i) under this Agreement and/or (ii) in connection with her employment with Delta.

Although the Travel Privileges provided by the Agreement are indeed valuable, it is difficult to ascertain the exact dollar value of Ms. Burns' Claims. As stated in the Objection, the benefit of first class positive space travel for Ms. Burns and certain of her family members for the rest of her life is of substantial value to Ms. Burns. Yet, it will cost the Debtors very little to continue to honor their obligations under the Agreement because generally there are empty seats on the Debtors' aircraft.

Ms. Burns asserts any and all other rights, claims and remedies arising as a matter of law or equity or pursuant to any contract between Ms. Burns and the Debtors whether or not such contract is specifically identified herein. The Claims are subject to adjustment, upward or downward, and amendment for a variety of reasons, including, without limitation, as a result of

2

future events, the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, and the assertion of any rights of setoff, netting and/or recoupment. The Claims include any and all claims of Ms. Burns arising under any of the transactions, agreements, facts, or circumstances set forth or referenced herein, and Ms. Burns reserves the right to amend this Proof of Claim accordingly and to set forth her Claims with more particularity.

Ms. Burns reserves the right to assert that the Agreement does not constitute an executory contract for purposes of section 365 of the Bankruptcy Code. In the event the Agreement is determined to be executory and is rejected, Ms. Burns reserves the right to amend or supplement her Proof of Claim and/or to file any additional proofs of claim asserting claims for rejection damages in accordance with the Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof.

Additionally, Ms. Burns is entitled to indemnity and reimbursement, under the Debtors' constituent documents and applicable law, arising from any claim or cause of action arising from or relating to her service as an officer and/or employee of the Debtors including, without limitation, any liability related to the action pending in the United States District Court for the Northern District of Georgia, Honorable Orinda D. Evans presiding, styled *Dennis Smith, individually and on behalf of all others similarly situated v. Delta Air Lines, Inc., Leo F. Mullin, Gerald Grinstein, Benefit Funds Investment Committee, James Broadhead, R. Eugene Cartledge, Mary Johnston Evans, James M. Kilts, Karl J. Krapek, John F. Smith, Jr., Joan E. Spero, Andrew Young, Administrative Committee of Delta Air Lines, Inc., Leon Piper, M. Michelle Burns, Michael J. Palumbo, and James B. Taylor,* Case No. 04-CV-2592. Ms. Burns hereby reserves all of her rights and remedies with respect hereto.

Ms. Burns reserves the right to claim prepetition and postpetition interest, costs and attorneys' fees with respect to all of the Claims to the maximum extent permitted by law. Ms. Burns further reserves all rights to have the Claims and any defenses, counterclaims, or objections thereto determined before a jury, by arbitration, or before any other judicial or administrative body having jurisdiction and, to the extent necessary to preserve such rights, makes demand therefore. Ms. Burns submits herself to the jurisdiction of the district court and, solely to the extent the Bankruptcy Court may constitutionally exercise the powers of the district court, of the Bankruptcy Court solely for the purpose of the allowance of the Claims. Ms. Burns objects to the exercise of jurisdiction by the district court or the Bankruptcy Court over Ms. Burns or her property for any other purpose.

This Proof of Claim is without prejudice to Ms. Burns' right to assert (a) that some or all of the amounts set forth herein are entitled to be treated as administrative or priority claims against the Debtors pursuant to sections 503(b) and 507(a) of the Bankruptcy Code or (b) that Ms. Burns holds other claims, rights and remedies against the Debtors that are entitled to be treated as administrative or priority claims against the Debtors pursuant to sections 503(b) and 507(a) of the Bankruptcy Code. Ms. Burns also reserves the right to assert that all or part of the Claims should be characterized as claims for wages, salaries, or severance.

Ms. Burns also reserves the right to assert additional claims against the Debtors. Neither the filing of this Proof of Claim nor the making of the allegations contained herein, constitute or

shall be construed to effect a waiver by Ms. Burns of any rights, claims, causes of action, offsets, setoffs, netting or defenses (or remedies with respect thereto) that Ms. Burns may have against or with respect to any person or entity, including, without limitation, against the Debtors or their non-Debtor affiliates.

**EXHIBIT A**



Gerald Grinstein
Chief Executive Officer

May 3, 2004

**VIA FEDERAL EXPRESS**

M. Michele Burns
1249 Stillwood Dr.
Atlanta, GA  30306

Dear Michele:

Because of the exceptional expertise you developed during your service with Delta Air Lines, Inc. ("Delta"), which service included the most turbulent time in commercial aviation history, Delta wishes to engage you as a consultant for the period May 1, 2004, through May 1, 2009. You have agreed to provide such consulting services to Delta's Chief Executive Officer with respect to any matter within your general area of expertise as developed during your employment with Delta that may from time to time arise during the consulting period; it being contemplated that your services shall initially include consultation on financial matters. It is, however, understood and agreed that you will perform your consulting services at such times, and at such places as are mutually agreeable and such services will not interfere with your other business obligations.

In consideration for your consulting services, Delta will, for your lifetime, extend positive space travel on Delta's system for you, your spouse or domestic partner and dependent children (or children of your spouse or domestic partner), on the following terms and conditions:

- You will receive unlimited positive space travel for you, your spouse or domestic partner and your dependent children (or those of your spouse or domestic partner) on Delta's system (the "Travel Privileges"). The Travel Privileges shall be governed by all rules and procedures applicable to non revenue travel benefits at the time the travel benefits are used. Dependent children may travel until age 19, or age 23 if a full time student.

- The Travel Privileges may be used for pleasure, vacation, or personal emergency, but may not be used for any type of business or professional activity. Any violation of the rules governing non revenue travel may result in the suspension or termination of all Travel Privileges.

Delta Air Lines, Inc., Post Office Box 20706, Atlanta, GA 30320-6001 U.S.A.

1249 Stillwood Dr.
Atlanta, GA  30306
Page 2

- Your spouse or domestic partner and dependent children (or those of your spouse or domestic partner) may travel unaccompanied on a positive space basis.

- No service charge will apply to the Travel Privileges.

- Positive space travel will be treated as imputed income and you will be responsible for any resulting income tax, to the same extent as a retired executive officer.

- This benefit will continue to the same extent as positive space travel continues for retired executive officers.

Your consulting services shall terminate on May 1, 2009, or upon your death or disability if that occurs prior to the expiration of the agreement. You also agree that until May 1, 2009, you will not solicit any person who is at the time an employee of Delta, or its subsidiaries, at the director or officer level, to accept employment with or to provide his or her services to any other company or enterprise.

If the above terms and conditions are agreeable to you, please indicate your acceptance of this agreement by signing this letter in the space indicated below. The enclosed copy of this letter is for your files.

Sincerely,

*[signature]*

Accepted and Agreed to:

*[signature]*
M. Michele Burns

**EXHIBIT B**

Objection Deadline: November 30, 2005 at 4:00 p.m. (prevailing Eastern Time)
Hearing Date: To Be Set

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria
Frank L. Eaton (FE-1522)

ATTORNEYS FOR M. MICHELE BURNS

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELTA AIR LINES, INC., et al., | Case No. 05-17923 (PCB) |
| Debtors. | Jointly Administered |

**OBJECTION TO THE DEBTORS' NOTICE OF REJECTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
THE ABANDONMENT OF PERSONAL PROPERTY**

TO:   THE HONORABLE PRUDENCE CARTER BEATTY,
      UNITED STATES BANKRUPTCY JUDGE:

M. Michele Burns ("Ms. Burns"), a former employee of Delta Air Lines, Inc. ("Delta"), files this objection (the "Objection) to the notice (the "Notice") of Delta and its affiliated debtors and debtors in possession (collectively, the "Debtors") of rejection of executory contracts and unexpired leases and the abandonment of personal property, which purports to reject, among other agreements, that certain consulting agreement between Delta and Ms. Burns dated May 3, 2004 (the "Agreement"), and in support of the Objection, respectfully represents as follows:

11/30/2005 2:35 PM (2K)
MIAMI 622374 v2
[rsk - objection to notice reject Burns contract (5).DOC]

## BACKGROUND

1. On September 14, 2005 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are acting as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 10, 2005 this Court entered an order (the "Order") granting the Debtors' Motion for Approval of Procedures (i) Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure for the Rejection of Certain Executory Contracts and Unexpired Leases and (ii) Sections 105(a) and 554(a) of the Bankruptcy Code for the Abandonment of Certain of the Debtors Personal Property (the "Procedures Motion").

4. Pursuant to the Order, the Debtors filed the Notice on November 15, 2005, notifying parties of their intention to reject under section 365 of the Bankruptcy Code, among other things, the Agreement attached hereto as Exhibit A.

## OBJECTION

5. Ms. Burns objects to the Debtors' attempt to reject the Agreement because the Agreement is not an executory contract, which the Debtors' may reject under section 365 of the Bankruptcy Code. In the alternative, if the Agreement is executory, Ms. Burns objects to the Debtors' request for rejection because the Debtors failed to exercise reasonable business judgment in making such request.

I. **The Agreement Is Not Executory**

6. The Debtors cannot reject a contract under section 365 of the Bankruptcy Code that is not "executory." See 11 U.S.C. § 365(a) ("the [debtor] . . . may assume or reject any executory contract . . ."). "[A]n executory contract is one that is not so fully performed that a breach by either side would constitute a material breach of the contract." In re Penn Traffic Co., 2005 WL 2276879, at *2 (S.D.N.Y. Sept. 16, 2005) (citing Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 MINN. L. REV. 439, 460 (1973)); see also In re Riodizio, 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997); In re 375 Park Avenue Assocs., Inc., 182 B.R. 690, 697 (Bankr. S.D.N.Y. 1995); In re Chateaugay Corp., 102 B.R. 335, 344-45 (Bankr. S.D.N.Y. 1989). Conversely, "'[w]hen performance remains due on only one side, the contract is non-executory, and hence, neither assumable nor rejectable.'" Penn Traffic, 2005 WL 2276879, at *2 (quoting Riodizio, 204 B.R. at 421).

7. Given the above, the Agreement is not executory. Despite the wording of the Agreement, the benefits memorialized in the Agreement – unlimited free travel (i.e., "positive space travel") in first class for Ms. Burns, her spouse or domestic partner, and dependent children on the Debtors' aircraft for the rest of Ms. Burns' life – are part of Ms. Burns' severance compensation as a former officer of the Debtors.[1] See Agreement at p. 2 ("This benefit will continue to the same extent as positive space travel continues for retired executive officers."). Notwithstanding her agreement to provide the Debtors' Chief Executive Officer with "consulting services," Ms. Burns earned these benefits as of the date her employment with the Debtors was terminated. Notably, the Agreement does not terminate on its

---

[1] In the event the Debtors contest Ms. Burns' interpretation of the Agreement, Ms. Burns will require the deposition of the person with whom she negotiated the agreement, Mr. Gerald Grinstein, the Debtors' CEO, to establish his understanding of the parties' intent with respect to the Agreement.

own terms if Ms. Burns fails to provide these so-called "consulting services," which appear to constitute no more than an acknowledgment by Ms. Burns that she will advise the CEO about events that occurred during her employment with the Debtors.[2]

8.  Moreover, even when considered separately from Ms. Burns' severance compensation, the Agreement still is not executory. The duties purportedly owed by Ms. Burns under the Agreement include (i) providing consulting services "with respect to any matter within [her] general area of expertise as developed during [her] employment . . ." and (ii) a promise not to solicit the employment of the Debtors' directors or officers. Although these requirements may have been beneficial to the Debtors at the time the Agreement was executed, now they are of relatively little value to the Debtors, given that Ms. Burns employment was terminated over a year ago and any information or expertise she might retain likely is no longer essential to the Debtors' current business operations. Simply, Ms. Burns has satisfied her material obligations under the Agreement – any of Ms. Burns' remaining alleged obligations now are so de minimis to the Agreement that a failure to perform such duties would be insufficient to relieve the Debtors' of their obligations.

9.  For these reasons, because material performance is due only from one party, the Agreement is not executory as required by section 365 of the Bankruptcy Code. Thus, the Debtors cannot reject the Agreement.

## II. The Debtors Have Not Exercised Proper Business Judgment

10.  Even assuming that the Agreement is executory, the Court nonetheless should deny the Debtors' request to reject the Agreement because it does not satisfy the business

---

[2] In contrast, under the express terms of the Agreement, the Debtors may suspend or terminate Ms. Burns' benefits if she violates the provision forbidding her to use her positive space travel privileges for business purposes.

judgment test. See 11 U.S.C. § 365(a) (a debtor's right to assume or reject an executory contract is "subject to the court's approval"). As the Debtors themselves state in their Procedures Motion, bankruptcy courts apply the business judgment standard when determining whether to approve a debtor's request to assume or reject an executory contract. See Procedures Motion ¶ 21 (citing Orion Pictures Corp. v. Showtime Networks, Inc.(In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 520 (1984); In re Roman Crest Fruit, Inc., 35 B.R. 939, 949 (S.D.N.Y. 1983)). Moreover, as the Debtors specifically state, "[t]he business judgment standard is satisfied when a debtor determines that rejection will benefit the estate." Id. (citing In re Child World, Inc., 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); In re Ionosphere Clubs, Inc., 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); In re TS Indus., Inc., 117 B.R. 682, 685 (Bankr. D. Utah 1990); In re Del Grosso, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990)).

11. Here, the rejection of the Agreement would not provide a net benefit to the Debtors' estates. Pursuant to sections 365(g) and 502(g) of the Bankruptcy Code, if the Agreement were rejected, Ms. Burns would receive an unsecured claim for damages arising from the rejection. The amount of such a rejection damages claim would be substantial – equal to the value of first class positive space travel for Ms. Burns and certain of her family for the rest of Ms. Burns' life. Already, since the Petition Date and without seeking permission of this Court, the Debtors have ceased to honor its obligations under the Agreement, resulting in a substantial administrative expense priority claim against their estates that will continue to increase in size or the Debtors' ongoing breach of the Agreement continues.

12. In stark contrast, the Debtors will incur few or no actual costs or expenses by assuming and continuing to honor its obligations under the Agreement because there

generally are empty seats on the Debtors' aircraft. Only in certain circumstances, if any, where the Debtors would have to accommodate Ms. Burns and certain of her family in place of paying passengers would the Debtors incur even relatively nominal damages. Simply, the rejection of the Agreement is far more burdensome to the Debtors' estates than assumption. Consequently, the Debtors have failed to satisfy the business judgment test and should not be permitted to reject the Agreement under section 365 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Ms. Burns respectfully requests that the Court enter a final order denying the Debtors' request to reject the Agreement and grant such further relief as the Court deems appropriate.

Dated: November 30, 2005
       Miami, Florida

                        WHITE & CASE LLP
                        1155 Avenue of the Americas
                        New York, New York 10036-2787
                        (212) 819-8200
                        Gerard Uzzi (GU-2297)

                        Wachovia Financial Center
                        200 S. Biscayne Blvd., Suite 4900
                        Miami, Florida 33131
                        (305) 371-2700

                        By:  /s/ Frank L. Eaton
                        Frank L. Eaton (FE-1522)
                        Thomas E Lauria

                        COUNSEL TO M. MICHELE BURNS