**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
**In re:**                                                    :
                                                              :    **Chapter 11**
                                                              :
**DELTA AIR LINES, INC., et al.,**                            :    **Case No. 05-17923 (CGM)**
                                                              :
                                                              :    **(Jointly Administered)**
    **Reorganized Debtors.**[1]                               :
                                                              :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER MODIFYING PLAN INJUNCTION**
**WITH RESPECT TO PENDING ACTION IN**
**NON-BANKRUPTCY FORUM RELATED TO CLAIM NO. 6815**

Upon the Reorganized Debtors' Motion For An Order Modifying the Plan Injunction

With Respect To Pending Action in Non-Bankruptcy Forum Related to Claim No. 6815 (the

"**Motion**"); and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to

Bankruptcy Court Judges of the District Court for the Southern District of New York dated July

19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided and no other notice being required; and the relief requested in the Motion being in

---

[1] The Reorganized Debtors are Delta Air Lines, Inc. and Comair, Inc.  The following Delta subsidiaries were also debtors and debtors in possession in these proceedings: ASA Holdings, Inc.; Comair Holdings, LLC; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon Trading, LLC; and Kappa Capital Management, LLC.  On September 26, 2007, the Court entered a final decree closing the chapter 11 cases of each of those entities.

the best interests of the Reorganized Debtors[1] and their estates and creditors; and the Court

having reviewed the Motion and the responses to the Motion and having held a hearing with the

appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that pursuant to this Order the Injunction shall be modified, as of the date of

this Order, solely to the extent necessary to permit Claimant to prosecute the Georgia District

Court Action against the Reorganized Debtor party thereto.  Any final judgment against said

Reorganized Debtor or the payment of any settlement allocable to said Reorganized Debtor in

the Georgia District Court Action shall be limited to collection from the Insurance Policies to the

extent that coverage exists under the Insurance Policies and to the extent of the available limits

of liability, and the Reorganized Debtors and their estates shall have no obligation whatsoever to

Claimant or any other person or entity for payment or satisfaction of (i) any portion of any such

final judgment against the Reorganized Debtor party thereto, or (ii) the portion of any settlement

allocable to said Reorganized Debtor, or (iii) any portion of any self insured retention applicable

to any portion of any such final judgment against the Reorganized Debtor party thereto or the

portion of any settlement allocable to said Reorganized Debtor; and it is further

ORDERED that except as expressly otherwise provided in this Order, the Injunction shall

remain in full force and effect; and it is further

---

[1] Terms capitalized but not defined herein shall have the meaning ascribed to such terms in the Motion.

ORDERED that the modification of the Injunction on the terms and conditions set forth herein shall not be deemed an agreement by the Reorganized Debtors to provide assistance to or to cooperate with the Claimant in any way in the efforts of the Claimant to prosecute the Georgia District Court Action; and it is further

ORDERED that the Reorganized Debtors shall not knowingly take any action with intent to impair or otherwise negatively affect whether or not the Smith Claim is a covered claim under the Insurance Policies; and it is further

ORDERED that the modification of the Injunction as set forth herein shall have no effect as to parties other than the Claimant nor on any other claim of the Claimant, as against the Reorganized Debtors, and the Injunction shall remain in full force and effect with respect to such parties, including the Claimant with respect to claims other than the Smith Claim, and their claims or causes of action, if any against the Reorganized Debtors and their estates; and it is further

ORDERED that the modification of the Injunction as set forth herein shall have no effect on the Reorganized Debtors or their estates' indemnification obligations with respect to the Smith Claim or with respect to the Georgia District Court Action; and it is further

ORDERED that the modification of the Injunction as set forth herein shall have no effect on the Insurance Policies, coverage provided thereunder, or the obligations of the insurance carriers, the Reorganized Debtors or any other insureds under the Insurance Policies; and it is further

ORDERED that neither the Motion, nor any facts or law contained therein shall be offered or received in evidence or in any way referred to in any legal action or administrative

3

proceeding among or between the Reorganized Debtors and the Claimant, other than as may be necessary: (a) to obtain approval of and to enforce the Motion; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Injunction has been modified to allow prosecution of the Georgia District Court Action in accordance with the terms hereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Poughkeepsie, New York

December 13 2010

/s/ Cecelia Morris
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE