**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | : |
|  | : **Chapter 11** |
|  | : |
| **DELTA AIR LINES, INC., et al.,** | : **Case No. 05-17923 (CGM)** |
|  | : |
|  | : **(Jointly Administered)** |
| Reorganized Debtors.[1] | : |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER GRANTING REORGANIZED DEBTORS' MOTION FOR AN ORDER (I) FOR FINAL DECREE CLOSING THEIR CHAPTER 11 CASES AND (II) DEEMING DISTRIBUTION TO CERTAIN HOLDERS OF ALLOWED CLAIMS TO BE UNDELIVERABLE DISTRIBUTIONS

Upon consideration of the Reorganized Debtors' Motion dated October 15, 2010 [Dkt. No. 7578] (the "**Motion**")[2] for an Order (i) for Final Decree Closing their Chapter 11 Cases and (ii) Deeming Distribution to Certain Holders of Allowed Claims To Be Undeliverable Distributions; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion

---

[1] The Reorganized Debtors are Delta Air Lines, Inc. and Comair, Inc.  The following Delta subsidiaries were also debtors and debtors in possession in these proceedings: ASA Holdings, Inc.; Comair Holdings, LLC; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon Trading, LLC; and Kappa Capital Management, LLC.  On September 26, 2007, the Court entered a final decree closing the chapter 11 cases of each of those entities.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and the Motion having been filed in accordance with the procedures set

forth in the Court's Order Establishing Procedures for Claims Objections entered

October 12, 2006; and due and proper notice of the Motion having been provided

and no other notice being required; and the relief requested in the Motion being in

the best interests of the Reorganized Debtors and their estates and creditors; and

the Court having reviewed the Motion and the response the Motion and having

held a hearing with appearances of parties in interest noted in the transcript

thereof (the "**Hearing**"); and the Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted in its

entirety; and it is further

ORDERED that the Remaining Chapter 11 Cases are hereby closed for all

purposes (including for purposes of calculating U.S. Trustee fees) pursuant to

section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, and a final

decree is hereby granted for the Remaining Chapter 11 Cases; and it is further

ORDERED that the Reorganized Debtors and their agents, counsel and

employees are hereby authorized, but not directed, to deem to be Undeliverable

Distributions any Distributions to the Holders of Allowed Claims listed on

**Exhibit 1** annexed hereto unless such Holders provide the Reorganized Debtors with sufficient information by March 31, 2011 to allow the Reorganized Debtors to make such Distributions; and it is further

ORDERED that all Distributions to the Holders of Allowed Claims, identified in **Exhibit 1** hereto and deemed to be Undeliverable Distributions pursuant to this Order, shall be deemed to be void *ab initio* for all purposes retroactive to April 30, 2007, the Effective Date of the Plan.  The effect of the preceding sentence is that such Distributions shall be deemed for all purposes, including tax purposes, to have never been made under the Plan to the Holders of such Claims; and it is further

ORDERED that a Notice of Undeliverable Distribution, substantially in the form annexed hereto as **Exhibit 2**, posted on the Reorganized Debtors' case information website (*available at* www.deltadocket.com) and sent to the last known address of each Holder of Allowed Claims corresponding to the Undeliverable Distributions, constitutes sufficient notice of the treatment of Undeliverable Distributions; and it is further

ORDERED that the shares of Reorganized Delta stock (i) constituting Undeliverable Distributions and (ii) remaining in the Final Reserve after resolution of all Remaining Claims, shall revert to Reorganized Delta in accordance with the Plan and be transferred to the Delta Care Fund as described in the Motion; and it is further

3

ORDERED that, as of March 31, 2011, pursuant to Section 7.4 of the Plan, all Claims relating to Undeliverable Distributions be automatically discharged and forever barred against the Releasees; and it is further

ORDERED that, from and after March 31, 2011, all persons or entities who have held, hold or may hold a Claim relating to Undeliverable Distributions are permanently enjoined from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim against the Releasees or property of any Releasees, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Releasees or property of any Releasees, (c) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Releasees or against the property or interests in property of the Releasees or (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Releasees or against the property or interests in property of the Releasees, with respect to any such Claim; and it is further

ORDERED that the Reorganized Debtors are not required to file with the Court or serve on the U.S. Trustee a Final Report; and it is further

ORDERED that this Order shall be immediately effective and enforceable upon its entry without any stay of its effectiveness; and it is further

ORDERED This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including to hear and determine all matters relating to the Remaining Chapter 11 Cases and the

4

Remaining Claims pursuant to the Plan, without prejudice to the Reorganized

Debtors' right to reopen any of the Remaining Chapter 11 Cases pursuant to

section 350(b) of the Bankruptcy Code.


Dated:   Poughkeepsie, New York
         December 17, 2010


/s/ Cecelia Morris
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE